# EXHIBIT B

*TD's Legal Process*
*&*
*Investigations*

*P.O. Box 18118*
*Salt Lake City, Utah 84118*
*Office:801-964-9393*
*Cell:801-347-1038*

3/14/2025

*Return of Service*

| ROS# 187363 | | HEAD LAW, PLLC | |
|---|---|---|---|
| Rcvd: 3/11/2025 | | 5411 S Vine St. #4A Murray, UT 84107 | 801-691-7511 |
| Attn: Robert/David | | | |
| Case: 250901948 | Civil# | Doc# | |

| Plaintiff(s) | VS | Defendant(s) |
|---|---|---|
| Mary Mayo, individually and on behalf of all similarly situated persons and Angela Micklos, individually and on behalf of all similarly persons | | Ciox Health,LLC a Georgia limited liability company dba DATAVANT GROUP |

**Process:** **Summons & Complaint: Bilingual Notice**
**To:** **Ciox Health,LLC**

The undersigned Person Hereby Certifies:

I am, at the time of service, a duly qualified Process server / Private investigator over 21 years of age and am not a party to the above action being taken. I have endorsed each copy served with the date, time and my signature.

**Title:** **Process Server and/or Private Investigator**

I Served: Corporation Service Co : Reg Agent % Sydney Alger

Date: 3/13/2025        Time: 1226

Address: 15 w South Temple Ste 600 S.L.C., Ut 84101

Phone:                Work:

**Type of Service:** **DESIGNATED TO ACCEPT SERVICE. / Authorized to accept**

Linda Alvey, Private Investigator - AJ03475

Subscribed and Sworn Before Me This 14th Day of March    2025

Notary public residing in Salt Lake County, My commission expires 01/06/2027

HILARIE PETTY
Notary Public - State of Utah
Comm. No. 728645
My Commission Expires on
Jan 6, 2027

| Service fee: $ 15.00 | Milage Fee: $ 1.50 | Other Fee: $ 3.00 | Rush Fee: $ 0.00 |
|---|---|---|---|
| Addresses: 1 | Attempts: 1 | Attempts Charged: 1 | Total Mileage: 1 |

**Total Due:** **$ 19.50**

Comments:

3

DAVID S. HEAD, No. 13237
HEAD LAW, PLLC
5411 S. Vine St. #4A
Murray, UT 84107
Telephone: (801) 691-7511
Facsimile: (801) 691-7512
dhead@headlawusa.com
*Attorney for Plaintiffs and*
*similarly situated persons*

TIME *1226*    DATE *3-15-2023*
SERVED *Sydney Alger*
RELATIONSHIP *Corporation Service Co.*
ADDRESS *15 W South Temple Ste 600*
*by Alvey*                    SERVER
TD's LEGAL PROCESS LLC        *964-9393*

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT COUNTY, STATE OF UTAH

| | |
|---|---|
| MARY MAYO, individually and on behalf of all similarly situated persons, and ANGELA MICKLOS, individually and on behalf of all similarly situated persons, | **SUMMONS** |
| Plaintiffs, | Civil No. 250901948 |
| v. | |
| CIOX HEALTH, LLC, a Georgia limited liability company, dba DATAVANT GROUP, | Judge: Matthew Bates |
| Defendant. | |

The State of Utah to:

**Ciox Health, LLC**
c/o Corporation Service Company
15 West South Temple, Ste. 600
Salt Lake City, UT 84101

A lawsuit has been filed against you. You must respond in writing by the deadline for the court to consider your side. The written response is called an Answer.

Se ha presentado una demanda en su contra. Si desea que el juez considere su lado, deberá presentar una respuesta por escrito dentro del periodo de tiempo establecido. La respuesta por escrito es conocida como la Respuesta.

187-363

**Deadline!**
Your Answer must be filed with the court and served on the other party **within 21 days** of the date you were served with this Summons.

If you do not file and serve your Answer by the deadline, the other party can ask the court for a default judgment. A default judgment means the other party can get what they asked for, and you do not get the chance to tell your side of the story.

**Read the complaint/petition**
The Complaint or Petition has been filed with the court and explains what the other party is asking for in their lawsuit. Read it carefully.

**Answer the complaint/petition**
You must file your Answer in writing with the court **within 21 days** of the date you were served with this Summons. You can find an Answer form on the court's website: utcourts.gov/ans

Scan QR code to visit page

**Serve the Answer on the other party**
You must email, mail or hand deliver a copy of your Answer to the other party (or their attorney or licensed paralegal practitioner, if they have one) at the address shown at the top left corner of the first page of this Summons.

**Finding help**

**¡Fecha límite para contestar!**
Su Respuesta debe ser presentada en el tribunal y también con la debida entrega formal a la otra parte **dentro de 21 días** a partir de la fecha en que usted recibió la entrega formal del Citatorio.

Si usted no presenta una respuesta ni hace la entrega formal dentro del plazo establecido, la otra parte podrá pedirle al juez que asiente un fallo por incumplimiento. Un fallo por incumplimiento significa que la otra parte recibe lo que pidió, y usted no tendrá la oportunidad de decir su versión de los hechos.

**Lea la demanda o petición**
La demanda o petición fue presentada en el tribunal y ésta explica lo que la otra parte pide. Léala cuidadosamente.

**Cómo responder a la demanda o petición**
Usted debe presentar su Respuesta por escrito en el tribunal **dentro de 21 días** a partir de la fecha en que usted recibió la entrega formal del Citatorio. Puede encontrar el formulario para la presentación de la Respuesta en la página del tribunal: utcourts.gov/ans-span



Para accesar esta página escanee el código QR

**Entrega formal de la respuesta a la otra parte**
Usted deberá enviar por correo electrónico, correo o entregar personalmente una copia de su Respuesta a la otra parte (o a su abogado o asistente legal, si tiene) a la dirección localizada en la esquina izquierda superior de la primera hoja del citatorio.

**Cómo encontrar ayuda legal**

The court's Finding Legal Help web page (utcourts.gov/help) provides information about the ways you can get legal help, including the Self-Help Center, reduced-fee attorneys, limited legal help and free legal clinics.



Scan QR code to visit page

Para información sobre maneras de obtener ayuda legal, vea nuestra página de Internet Cómo Encontrar Ayuda Legal. (utcourts.gov/help-span). Algunas maneras de obtener ayuda legal son por medio de una visita a un taller jurídico gratuito, o mediante el Centro de Ayuda. También hay ayuda legal a precios de descuento y consejo legal breve.



Para accesar esta página escanee el código QR



قم بالمسح الضوئي للرمز لزيارة الصفحة

An Arabic version of this document is available on the court's website:

توجد:نسخة عربية من هذه الوثيقة على موقع المحكمة على الإنترنت

utcourts.gov/arabic

A Simplified Chinese version of this document is available on the court's website:

本文件的简体中文版可在法院网站上找到：

utcourts.gov/chinese



请扫描QR码访
问网页

A Vietnamese version of this document is available on the court's website:

Một bản tiếng Việt của tài liệu này có sẵn trên trang web của tòa:

utcourts.gov/viet





Xin vui lòng quét mã
QR (Trả lời nhanh)để
viếng trang

The Court's address is 8080 S Redwood Rd. Ste. 1701, West Jordan, UT, 84088.

DATED this 11th day of March, 2025.

HEAD LAW, PLLC

David S. Head
Attorney for Plaintiffs

DAVID S. HEAD, No. 13237
HEAD LAW, PLLC
5411 S. Vine St., # 4A
Murray, UT 84107
Telephone: (801) 691-7511
Facsimile: (801) 691-7512
dhead@headlawusa.com
*Attorney for Plaintiffs and
similarly situated persons*

**If you do not respond
within applicable time
limits, judgment could
be entered against you
as requested.**

---

IN THE THIRD JUDICIAL DISTRICT COURT
IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

---

| | |
|---|---|
| MARY MAYO, individually and on behalf of all similarly situated persons, and ANGELA MICKLOS, individually and on behalf of all similarly situated persons, | **COMPLAINT**<br><br>**(Class Certification Requested)**<br><br>**(Jury Demand)** |
| Plaintiffs, | (Tier 3) |
| v. | Civil No. _____ |
| CIOX HEALTH, LLC, a Georgia limited liability company, dba DATAVANT GROUP, | Judge: _____ |
| Defendant. | |

COME NOW Plaintiffs on behalf of themselves and other similarly situated persons, by and through counsel, hereby allege and complain of the following:

## **PARTIES & JURISDICTION**

1.     Plaintiff, Mary Mayo, is a resident of Davis County, Utah.

2.      Plaintiff, Angela Micklos, is a resident of Salt Lake County, Utah.

3.      Defendant, Ciox Health, LLC (Ciox), is a Georgia limited liability company. Ciox is doing business in the State of Utah as Datavant Group.

4.      Jurisdiction in this Court is proper under Utah Code § 78A-5-102(1).

5.      The Court has personal jurisdiction over the parties because the events upon which the causes of action are based took place primarily in Salt Lake County, Utah.

## GENERAL ALLEGATIONS

**A.      Introduction**

6.      This is a class action lawsuit brought by Plaintiffs for Defendant's violations of Utah Code § 78B-5-618 among other things. Section 78B-5-618 gives patients in Utah the right to access and receive their medical records and prohibits medical providers and third-party servicers (collectively "Medical Providers") from charging more than reasonably set amounts to patients for copies of their medical records, and requires that Medical Providers discount the costs for such records if they do not produce them in a timely basis. Defendant has charged patients more than they are legally permitted to for their medical records, and have failed to discount the costs for the records when they have not timely fulfilled the requests.

**B.      Facts Regarding Ciox**

7.     Ciox is a sophisticated healthcare information management company that provides services for more than 18,000 providers, 140 health plans, and 1,000,000 individuals requesting medical-related information and records.

8.     Ciox fulfills patient medical records requests throughout the country.

9.     Ciox is aware that many states, including Utah, have statutes that govern the amount that medical providers or third-party servicers, such as Ciox, may charge for retrieving and providing patients with their medical records and how such requests must be done.

10.     Nevertheless, Ciox has knowingly and willfully failed to comply with laws in several states by charging patients more for their medical records than it was legally permitted to do to increase its profits and by not timely fulfilling requests.

11.     For example, West Virginia law requires that Medical Providers provide patients with their requested records within 30 days of the requests, that Medical Providers provide the records electronically when patients ask them to do so, and it limits what Medical Providers can charge for them. *See* West Virginia Code §§ 16-29-1 and 16-29-2.

12.     In 2016, several patients from West Virginia filed lawsuits against Ciox seeking class action certification. They alleged that Ciox had violated West Virginia law by charging patients excessive fees for their medical records, by not timely providing the

medical records, and by failing to provide the records electronically to the patients (*Wilson v. Ciox Health, LLC, et al.*, Case No. 2:16-cv-05279).

13.    Ciox violated West Virginia law by charging excessive fees for patients' medical records, not providing electronic records to patients, and not providing the records to patients in a timely manner.

14.    Similarly, Texas law requires that hospitals or physicians provide patients with their requested records within 15 days of the requests, that they provide the records electronically when patients ask them to do so, and limits what hospitals and physicians may charge for the records. *See* Texas Health and Safety Code §§ 159.005, 159.006, 241.154 and Rule § 165.2 of the Texas Administrative Code.

15.    In 2019, patients in Texas filed a lawsuit against Ciox seeking class action certification. They alleged that Ciox violated Texas law by charging patients excessive fees for their medical records, not timely providing the medical records, and failing to provide the records electronically to patients (*Browne v. Ciox Health, LLC*, Case No. 4:19-cv-00557).

16.    Ciox violated Texas law by charging excessive fees for patients' medical records, not providing electronic records to patients, and not timely providing the records to patients.

**C.    Utah Code § 78B-5-618**

17.     Utah Code § 78B-5-618 requires Medical Providers to provide a copy of a patient's medical records to the patient, the patient's attorney, or representatives within 30 days of receipt of the request. If Medical Providers fail to do that, they must waive 50 percent of the fee. If they fail to do it within 60 days, they must waive 100 percent of the fee.

18.     Under Section 78B-5-618, Medical Providers may not charge more than $30 per request to locate a patient's records, costs to reproduce the records may not exceed 53 cents per page for the first 40 pages, 32 cents per page for each additional page, and the cost of postage when the requester has asked for the records to be mailed.

19.     Section 78B-5-618 requires that Medical Providers provide patients with an electronic copy of their medical records when requested. Medical Providers may not charge more than $150 for copies of electronic records, no matter the number of pages or whether the records are stored electronically.

20.     Section 78B-5-618 requires that Medical Providers provide patients with their payment and balance information within 30 days of the request. If Medical Providers fail to timely provide patients with their payment and balance information, they are required to pay civil penalties to the patients. Medical Providers are required to pay patients a $50 penalty if they payment and balance information is not provided within 30 days and a $150 penalty if the payment and balance information is not provided within 60 days.

21.    On January 1st of each year, the fee that may be charged to provide a patient's records and the maximum amount that may be charged for an electronic copy may be altered for inflation.

22.    In 2022, Medical Providers could charge $32.10 per request to locate a patient's records, 57 cents per page for the first 40 pages, 34 cents per page for each additional page, the actual cost of postage when the requester asked that the copy be mailed, and sales tax.

23.    In 2022, the maximum amount Medical Providers could charge for a patient's medical records in an electronic medium was $160.50, no matter the number of pages or whether the records are stored electronically.

24.    In 2023, Medical Providers could charge $33.71 per request to locate a patient's records, 60 cents per page for the first 40 pages, 36 cents per page for each additional page, the actual cost of postage when the requester asked that the copy be mailed, and sales tax.

25.    In 2023, the maximum amount Medical Providers could charge for a patient's medical records in an electronic medium was $168.53, no matter the number of pages or whether the records are stored electronically.

26.    In 2024, Medical Providers could charge $35.09 per request to locate a patient's records, 62 cents per page for the first 40 pages, 37 cents per page for each

additional page, the actual cost of postage when the requester asked that the copy be mailed, and sales tax.

27.     In 2024, the maximum amount Medical Providers could charge for a patient's medical records in an electronic medium was $175.43, no matter the number of pages or whether the records are stored electronically.

28.     Hospitals and providers in Utah, such as IHC Health Services, Inc., dba Intermountain Healthcare, have hired Ciox to administer and fulfill patient medical records requests and provide patients with their medical records and information on their behalf.

29.     Ciox has been aware of Utah Code § 78B-5-618 and its requirements. Nevertheless, it has knowingly and willingly violated Section 78B-5-618 and has not provided or paid patients the required discounts and penalties to increase its profits illegally.

    (a)     Ciox has utilized Cerner, a electronic health record system, to receive electronic medical records from Medical Providers. In other words, Ciox has initially received patient medical records electronically.

    (b)     Nevertheless, Ciox has purposely printed off patient records and mailed them out even when patients have asked that the medical providers and Ciox send them electronically to the patients. That is, Ciox did not need to print the records

when it already had them in an electronic format. Ciox has intentionally not followed patients' requests and has intentionally mailed records to patients.

**D.    Facts Regarding Plaintiff Mary Mayo**

30.    On April 18, 2019, Plaintiff Mary Mayo was in an automobile accident caused by a drunk driver. Ms. Mayo was seriously injured as a result of the accident.

31.    As part of her automobile tort claim, Ms. Mayo needed copies of her medical records and bills.

32.    On April 18, 2024, Ms. Mayo sent written requests, by and through her attorney, to Layton Hospital Emergency Services (LHES), Intermountain Layton Hospital (Layton Hospital), Layton Clinic, and Intermountain McKay-Dee Hospital (McKay-Dee) for an electronic copy of her medical records and bills.

33.    On May 14, 2024, Ms. Mayo sent a written request, by and through her attorney, to Mountain West Anesthesia (MWA) for an electronic copy of her medical records and bills.

34.    IHC Health Services, Inc. (IHC) owns and operates LHES, Layton Hospital, Layton Clinic, McKay-Dee, and MWA.

35.    IHC hired Ciox to fulfill its patient records requests, including those from Ms. Mayo.

36.    Ciox failed to provide Ms. Mayo with her medical records within thirty (30) days of receiving Ms. Mayo's written requests.

37.    In the summer and fall of 2024, Ms. Mayo, by and through counsel, contacted IHC and Ciox several times about Ms. Mayo's written requests for her medical records because Ciox had not yet received them from Ciox.

38.    On July 24, 2024, Ciox sent an invoice (Invoice No. 0469230770) to Ms. Mayo through her attorney. The invoice charged Ms. Mayo $461.76 for her medical records from Layton Hospital. Out of the foregoing amount, Ciox charged $15.39 for shipping plus tax even though Ms. Mayo had requested that Ciox send these records to her electronically.

(a)    Ciox knowingly charged Ms. Mayo more for these records than it knew it was legally allowed to charge.

(b)    Ciox knowingly mailed these records to Ms. Mayo even though it knew that Ms. Mayo requested that these records be sent to her electronically. Ciox sent these records in the mail so it could charge more for them.

39.    On October 19, 2024, Ciox sent an invoice (Invoice No. 0475459010) to Ms. Mayo, through her attorney, for copies of her medical bills from Layton Hospital. Ciox charged $2.07 for shipping plus tax, even though Ms. Mayo had requested that Ciox send these records to her electronically.

(a)    Ciox knowingly mailed these records to Ms. Mayo even though it knew she requested that they be sent electronically. Ciox sent these records in the mail so it could charge more for them.

40.     On October 24, 2024, Ciox sent an invoice (Invoice No. 0478483135) to Ms. Mayo, by way of her attorney. The invoice charged Ms. Mayo $150.39 for her medical records from Optum Care PC Utah Clinic. Out of the foregoing amount, Ciox charged $7.90 for shipping plus tax, even though Ms. Mayo had requested that Ciox send these records to her electronically.

(a)     Ciox knowingly mailed these records to Ms. Mayo even though it knew that she requested that these records be sent to her electronically. Ciox sent these records in the mail so it could charge more for them.

41.     Ciox also sent other medical records and bills to Ms. Mayo and charged more than it is legally allowed to charge for them.

42.     Ciox sent these other medical records to Ms. Mayo more than thirty (30) or sixty (60) days after she requested them from health care providers. Nevertheless, Ciox has failed to waive or lower the costs for these records due to its failure to provide them in a timely manner.

43.     Ciox also sent other medical records and bills to Ms. Mayo through the mail and charged her shipping expenses for the records even though she asked Medical Providers to send them electronically.

44.     On November 25, 2024, Ms. Mayo, by and through her attorney, sent a written request to IHC asking it to disclose all payments that it had received for providing healthcare to her and the total balance owed for this healthcare.

45.     IHC hired Ciox to fulfill payment and balance information requests from patients, including Ms. Mayo.

46.     Ciox did not timely provide Ms. Mayo with her payment and balance information.

### E.     Facts Regarding Plaintiff Angela Micklos

47.     On September 16, 2023, Plaintiff Angela Micklos was in an automobile accident as she was walking on a crosswalk. Ms. Mayo was seriously injured as a result of the accident.

48.     As part of her automobile tort claim, Ms. Micklos needed copies of her medical records and bills.

49.     Around January 22, 2024, Ms. Micklos sent a written request, by and through her attorney, to IHC for an electronic copy of her medical records and bills.

50.     IHC's third-party servicer, Ciox, failed to provide Ms. Micklos with her medical records within thirty (30) days of receiving Ms. Micklos's written requests.

51.     In the summer of 2024, Ms. Micklos, by and through counsel, contacted IHC and Ciox several times about Ms. Micklos's written requests for her medical records because they had not yet received them from Ciox.

52.     On May 24, 2024, Ciox sent an invoice (Invoice No. 0461823830) to Ms. Micklos, by way of her attorney. The invoice charged Ms. Micklos $126.53 for her medical records from Intermountain Medical Center (IMC). Out of the foregoing amount,

Ciox charged $7.71 for shipping plus tax, even though Ms. Micklos had requested that Ciox send these records to her electronically.

(a)    Ciox knowingly mailed these records to Ms. Micklos even though it knew that she requested that they be sent electronically. Ciox sent these records in the mail so it could charge more for them.

53.    On August 22, 2024, Ciox sent an invoice (Invoice No. 0473364730) to Ms. Micklos, by way of her attorney. The invoice charged Ms. Micklos $128.29 for her medical records from Intermountain Clinics UT (IHC Clinics). Out of the foregoing amount, Ciox charged $7.71 for shipping plus tax even though Ms. Micklos had requested that Ciox send these records to her electronically.

(a)    Ciox knowingly mailed these records to Ms. Micklos even though it knew that she requested that they be sent electronically. Ciox sent these records in the mail so it could charge more for them.

54.    On August 30, 2024, Ciox sent an invoice (Invoice No. 0474369446) to Ms. Micklos, by way of her attorney. The invoice charged Ms. Micklos $319.31 for her medical records from Rehab Agency Salt Lake Workmed (Workmed). Out of the foregoing amount, Ciox charged $8.65 for shipping plus tax, even though Ms. Micklos had requested that Ciox send these records to her electronically.

(a)    Ciox knowingly charged Ms. Micklos more for these records than it knew it was legally allowed to charge.

(b)     Ciox knowingly mailed these records to Ms. Micklos even though it knew that she requested that they be sent electronically. Ciox sent these records in the mail so it could charge more for them.

55.     IHC owns and operates IMC, IHC Clinics, and Workmed.

56.     Ciox also sent other medical records and bills to Ms. Micklos and charged more than it is legally allowed to charge for them.

57.     Ciox sent these other medical records to Ms. Micklos more than thirty (30) or sixty (60) days after she requested them from IHC. Nevertheless, Ciox has failed to waive or lower the costs for these records due to its failure to provide them in a timely manner.

58.     Ciox also sent other medical records and bills to Ms. Micklos through the mail and charged her shipping expenses for the records even though she asked Medical Providers to send the records to her electronically.

59.     On November 25, 2024, Ms. Micklos, through her attorney, sent a written request to IHC asking it to disclose all payments it had received for providing her with healthcare and the total balance owed for this healthcare.

60.     IHC hired Ciox to fulfill payment and balance information requests from patients, including Ms. Micklos.

61.     Ciox has still not provided Ms. Micklos with her payment and balance information.

**F.      Facts Regarding Ciox's Failures to Comply with Plaintiffs' Requests**

62.      It took Ciox much longer than thirty (30) days to provide Plaintiffs with their requested medical records.

63.      Ciox intentionally and willingly failed to provide Plaintiffs with their medical records and bills within thirty (30) days of receiving their written requests. In the alternative, Ciox did so negligently.

64.      Ciox intentionally and knowingly mispresented to Plaintiffs the cost for Plaintiffs' medical records.

65.      Ciox has either not timely provided Plaintiffs with the payment and balance information that they requested or has never provided such information. Ciox knowingly and willingly failed to give the plaintiffs their payment and balance information on a timely basis. In the alternative, Ciox did so negligently.

66.      Ciox never notified Plaintiffs that their requests for medical records or payment and balance information were delayed or that it would take Ciox longer than 30 days to deliver the records and information due to some delay out of its control.

67.      Ciox knows it was required to provide a reduction of 50 percent for the cost of the medical records that it did not provide to Plaintiffs within 30 days of notice of the request and a 100 percent reduction for those records not provided within 60 days of notice of the request. However, Ciox knowingly and willingly failed to reduce the costs for these records.

68.     Ciox knew that they were required to pay civil penalties of $50 and $150 when they failed to fulfill Plaintiffs' requests for payment and balance information, respectively, within 30 days and 60 days of Plaintiffs' requests. Nevertheless, Ciox knowingly did not pay these civil penalties to Plaintiffs.

69.     Ciox's failure to comply with Utah Code § 78B-5-618 has caused Plaintiffs to incur special damages and consequential damages, including the money they paid for their medical records and bills that was more than Ciox was legally allowed to charge for the records, costs for shipping, and Ciox's failure to provide discounts for untimely records or civil penalties for untimely payment and balance information.

**G.      Facts Regarding Putative Class Members**

70.     Ciox has repeatedly violated Section 78B-5-618 by:

(a)     Charging class members more than legally permitted for copies of their medical records;

(b)     Mispresenting the cost for class members' medical records;

(c)     Failing to discount the costs for class members' medical records when Ciox failed to timely comply with class members' requests;

(d)      Failing to provide class members with electronic copies of their medical records when requested to do so;

(e)     Failing to timely provide class members with their payment and billing information when requested to do so; and

(f)    Failing to pay civil penalties to class members for not timely providing them with their payment and billing information.

71.    Plaintiffs are one of many persons Ciox charged illegal fees contrary to Utah Code § 78B-5-618.

72.    Plaintiffs also seek to represent themselves and the other persons who are similarly situated to them because the relatively low dollar amount of the illegal charges by Ciox make it an appropriate situation for a class to be certified.

73.    Whether or not Ciox charged in excess of the generous amounts allowed by Utah law is a common issue for Plaintiffs and the putative class described below.

74.    Plaintiffs' claims are typical because they have been charged fees in excess of those allowed by Utah law.

75.    The number of persons who have been charged these fees by Ciox are so numerous that joinder of all in a single action is impractical.

76.    Plaintiffs are adequate representatives of the proposed class below.

77.    Plaintiffs' counsel is adequate and best suited to represent Plaintiffs and the class in this matter based on his knowledge of the legal issues and his experience.

78.    The members of the class are easily ascertained from the Ciox's own records. Ciox issued invoices which provide the name of the class members and the amounts they were illegally charged. These records are admissible in any proceeding as they are statements made by Ciox.

79.    The common issue identified for Plaintiffs and the class is also the predominant issue.

80.    A class action is superior to requiring many repetitive individual actions that will raise the same issue and ask for the same relief against Ciox. The amount of actual damages makes individual actions unlikely and Plaintiffs are unaware of any pending individual actions that Utah residents have pursued to address these illegal charges made by Ciox. In the absence of a class, the state's limit on fees that may be charged will not be enforced and Ciox will retain an illegal windfall.

81.    Plaintiffs should be permitted to proceed to sue for the benefit of the following classes in the four (4) year period before the filing of this Complaint and up until the date of the certification of the class or the disposition of this case:

(a)    All residents of the United States who requested medical records from Utah health care providers that Ciox produced, but did not provide the records within 30 days of receipt of the request, and Ciox failed to waive 50 percent or 100 percent of the fees for the request;

(b)    All residents of the United States who requested electronic medical records from Utah health care providers that Ciox produced, but Ciox sent the records in the mail, and Ciox charged these persons for shipping costs;

(c)    All residents of the United States who requested medical records from Utah health care providers that Ciox produced, but Ciox sent the records and charged

these persons more than $150 for the records or the amount permitted each year for increases in inflation; and

(d)    All residents of the United States who requested their payment and balance information from Utah health care providers, but that Ciox failed to produce within 30 days of the request, and that Ciox failed to pay these persons the civil penalties in Utah Code § 78B-5-618.

82.    This class specifically excludes the following persons:

(a)    Defendant, any predecessor, subsidiary, sister or merged companies, and all of the present or past directors, officers, employees, principals, shareholders or agents of the Defendant;

(b)    Any person who would otherwise belong to the class but who Defendant can identify as being charged a fee, either directly or indirectly through a person authorized in writing, but said fee was not collected or paid to Defendants by anyone.

### FIRST CAUSE OF ACTION – Conversion

83.    Plaintiffs incorporate and re-allege all preceding paragraphs as if fully set forth herein.

84.    "A conversion is an act of wil[l]ful interference with a chattel, done without lawful justification by which the person entitled thereto is deprived of its use and possession. ... Although conversion results only from intentional conduct it does not

however require a conscious wrongdoing, but only an intent to exercise dominion or control over the goods inconsistent with the owner's right." *State v. Twitchell*, 832 P.2d 866, 870 (Utah App. 1992)(quoting *Allred v. Hinkley*, 8 Utah 2d 73, 328 P.2d 726 (1958)).

85.    Ciox was aware of Utah Code § 78B-5-618 and its requirements. Nevertheless, Ciox unlawfully retained the money of Plaintiff and class members. Therefore, Ciox has converted Plaintiff's money. Ciox intentionally retained the money of Plaintiffs and class members.

86.    Ciox's conversion has caused Plaintiffs and class member to incur damages, including special damages, consequential damages, and general damages.

87.    Due to Ciox's intentional and reckless conduct, punitive damages should be entered against Ciox to prevent it and others from committing similar conduct in the future.

## SECOND CAUSE OF ACTION – Violation of the Pattern of Unlawful Activity Act

88.    Plaintiffs incorporate and re-allege all preceding paragraphs as if fully set forth herein.

89.    Under the Pattern of Unlawful Activity Act, a plaintiff may file a claim against a defendant for committing a pattern of prohibited conduct.

90.    Ciox committed theft under Utah law by exercising control of the property of Plaintiffs and class members on more than three (3) occasions.

91.     Ciox committed theft by unlawfully retaining and depriving Plaintiffs and class members of their money when Ciox violated Utah Code § 78B-5-618 by: retaining money for medical records that Ciox was not legally allowed to keep because it had failed to timely provide such records to Plaintiffs and class members or charged too much for the records; retaining money for shipping costs it was not legally allowed to charge for; and failing to pay Plaintiffs and class members civil penalties for failing to timely provide the payment and balance information to Plaintiffs and class members.

92.     Ciox continuously and repeatedly violated Utah Code § 78B-5-618 to profit illegally from patients, such as Plaintiffs and class members, because the amount of money it retained was comparatively small. Accordingly, people either do not notice or are unable or unwilling to obtain legal counsel to remedy the wrong due to the practical difficulties of paying an attorney. This is because hiring an attorney would typically cost more money than what Ciox illegally retained. Thus, Ciox has been able to profit because it has repeatedly done this to all class members over an extended period of time.

93.     Ciox's tortious conduct has caused Plaintiffs and class members to incur special, general, and consequential damages. Plaintiffs and class members are entitled to double damages, attorney's fees, and costs.

94.     Due to Ciox's intentional and reckless conduct, punitive damages should be entered against Ciox to prevent it and others from committing similar conduct in the future.

## THIRD CAUSE OF ACTION – Violation of the Utah Consumer Sales Practices Act

95.    Plaintiffs incorporate and re-allege all preceding paragraphs as if fully set forth herein.

96.    Under the Utah Consumer Sales Practices Act (UCSPA), a supplier may not commit a deceptive act or practice in connection with a consumer transaction. A supplier may also not commit an unconscionable act in connection with a consumer transaction.

97.    Ciox violated the UCSPA when it knowingly and willingly violated Section 78B-5-618 by:

(a)    Charging Plaintiffs and class members more than legally permitted for copies of their medical records;

(b)    Mispresenting the cost for class members' medical records;

(c)    Failing to provide Plaintiffs and class members with their medical records within 30 days,

(d)    Failing to notify Plaintiffs or class members of any delay or giving them the option to cancel the requests and receive a full refund;

(e)    Failing to discount the costs for Plaintiffs' and class members' medical records when Ciox failed to timely comply with their requests;

(f)    Failing to provide class members with electronic copies of their medical records when requested to do so;

(g)    Failing to timely provide class members with their payment and billing information when requested to do so; and

(h)    Failing to pay civil penalties to class members for its failure to timely provide class members' payment and billing information.

98.    Ciox's repeated failures to comply with Section 78B-5-618 were unconscionable.

99.    Ciox's violations of the UCSPA have caused Plaintiffs and class members to incur damages, including statutory or actual damages, as well as attorney's fees and costs.

100.    Due to Ciox's intentional and reckless conduct, punitive damages should be entered against Ciox to prevent it and others from committing similar conduct in the future.

101.    Plaintiffs and class members are entitled to a declaratory judgment that Ciox's actions are deceptive and considered unconscionable under the UCSPA.

102.    Ciox should be permanently enjoined from committing the same conduct in the future.

## FOURTH CAUSE OF ACTION – Unjust Enrichment

103.    Plaintiffs incorporate and re-allege all preceding paragraphs as if fully set forth herein.

104.   Unjust enrichment occurs when a party receives and retains a benefit from a claimant without payment of value to the claimant.

105.   Ciox received a benefit from Plaintiffs and class members because it unlawfully received and retained their money in violation of Utah Code § 78B-5-618.

106.   It would be unjust enrichment for Ciox to keep these benefits

107.   Ciox's unjust enrichment has caused Plaintiffs and class members to incur damages, including special damages.

## <u>FIFTH CAUSE OF ACTION – Negligence</u>

108.   Plaintiffs incorporate and re-allege all preceding paragraphs as if fully set forth herein.

109.   Under Utah Code § 78B-5-618, Ciox had a statutory duty to:

(a)    Not charge Plaintiffs and class members more than legally permitted for copies of their medical records;

(b)    Provide Plaintiffs and class members with their medical records within 30 days,

(c)    Discount the costs for Plaintiffs' and class members' medical records when Ciox failed to timely comply with their requests;

(d)    To provide class members with electronic copies of their medical records when requested to do so;

(e)     Timely provide class members with their payment and billing information when requested to do so; and

(f)     To pay civil penalties to class members for its failure to timely provide class members' payment and billing information.

110.    Ciox's breach of the above duties has caused Plaintiffs and class members to incur special, consequential, and general damages.

### SIXTH CAUSE OF ACTION – Gross Negligence

111.    Plaintiffs incorporate and re-allege all preceding paragraphs as if fully set forth herein.

112.    Ciox committed the above tortious conduct willingly, intentionally, or recklessly with indifference to the rights of Plaintiffs and class members.

113.    Accordingly, punitive and exemplary damages should be entered against Ciox to prevent it and others from committing the same conduct in the future.

### SEVENTH CAUSE OF ACTION – Violation of Utah Code § 78B-5-618

114.    Plaintiffs incorporate and re-allege all preceding paragraphs as if fully set forth herein.

115.    Ciox violated Utah Code § 78B-5-618 by:

(a)     Charging Plaintiffs and class members more than legally permitted for copies of their medical records;

(b)    Failing to provide Plaintiffs and class members with their medical records within 30 days,

(c)    Failing to discount the costs for Plaintiffs' and class members' medical records when Ciox failed to timely comply with their requests;

(d)    Failing to provide class members with electronic copies of their medical records when requested to do so;

(e)    Failing to timely provide class members with their payment and billing information when requested to do so; and

(f)    Failing to pay civil penalties to class members for its failure to timely provide class members' payment and billing information.

116.    Ciox's violations of Utah Code § 78B-5-618 have caused Plaintiffs and class members to incur damages, including special, consequential, and general damages.

117.    Due to Ciox's intentional and reckless conduct, punitive damages should be entered against Ciox to prevent it and others from committing similar conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court finds that Defendant committed conversion, violated the Pattern of Unlawful Activity Act, the Utah Consumer Sales Practices Act, Utah Code § 78B-5-618, was negligent, grossly negligent, unjustly

enriched, that it certify a class action of similarly situated persons, and that it enter the

following damages and relief:

1. Special damages;

2. General damages;

3. Consequential damages;

4. Prejudgment interest;

5. Punitive damages;

6. Injunctive and declaratory relief;

7. Plaintiffs' attorney's fees and costs; and

8. Any other relief the Court deems just and equitable.

DATED this 11th day of March, 2025.

HEAD LAW, PLLC

*/s/ David S. Head*

David S. Head
Attorney for Plaintiffs