DAVID S. HEAD, No. 13237
HEAD LAW, PLLC
5411 S. Vine St., #4A
Murray, UT 84107
Telephone: (801) 691-7511
Facsimile: (801) 691-7512
dhead@headlawusa.com

MADISON J. BORISON *(Pro Hac Vice)*
BORISON FIRM
1900 S. Norfolk St., Ste. 350
San Mateo, CA 94403
(301) 620-1016
mj@borisfirm.com

DANIEL M. BACZYNSKI, No. 15530
BACZYNSKI LAW, PLLCC
136 West 12300 South, Ste. B
Draper, UT 84020
(708) 715-2234
dan@bskilaw.com

*Counsel for Plaintiffs and the Proposed Class*

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MARY MAYO, individually and on behalf of all similarly situated persons, and ANGELA MICKLOS, individually and on behalf of all similarly situated persons,<br><br>    Plaintiffs,<br><br>      v.<br><br>CIOX HEALTH, LLC, a Georgia limited liability company, dba DATAVANT GROUP,<br><br>    Defendant. | **MOTION FOR CERTIFICATION OF QUESTIONS TO THE UTAH SUPREME COURT**<br><br>Civil No. 2:25-cv-285-HCN-DAO<br><br>Judge Howard C. Nielson<br><br>Magistrate Judge Daphne A. Oberg |

COME NOW Plaintiffs, by and through counsel, hereby submit, pursuant to DUCivR 7-1 and Utah R. App. P. 41(b), their Motion for Certification of Questions to the Utah Supreme Court.

## INTRODUCTION

This is a putative class action brought by Plaintiffs for Defendant's violations of Utah Code § 78B-5-618 ("Medical Records Act") among other things. Section 78B-5-618 gives patients in Utah the right to access and receive their medical records and prohibits medical providers and third-party servicers from charging more than reasonably set amounts to patients for copies of their medical records and requires that medical providers discount the costs for such records if they do not produce them on a timely basis. Defendant has charged patients more than they are legally permitted to for their medical records and has failed to discount the costs for the records when it has not promptly fulfilled the requests.

## REQUESTED DISPOSITION AND SUPPORTING GROUNDS

Plaintiffs move the Court to certify the following questions to the Utah Supreme Court:

1.      Does Utah Code § 78B-5-618 have a private right of action?

2.      If a private right of action exists under Utah Code § 78B-5-618, does that preempt Plaintiffs' claim under the Utah Consumer Sales Practices Act?

3.      If a private right of action exists under Utah Code § 78B-5-618, does that preempt Plaintiffs' common law claims?

The Utah Federal District Court has the authority to certify questions of unsettled Utah law to the Utah Supreme Court, and should do so, because the above questions of law are unsettled. *See* Utah R. App. P. 41(a).

**STATEMENT OF FACTS**

1.      Plaintiffs have alleged that Defendant has failed to timely provide Plaintiffs' requested medical records and payment and balance information to Plaintiffs, and that Defendant has also failed to do the same for putative class members similarly situated. *See* CM/ECF No. 26, ¶¶ 6-81.

2.      Plaintiffs filed the lawsuit in the Third Judicial District Court, including claims for violation of the Utah Code § 78B-5-618 ("Medical Records Statute"), conversion, negligence, gross negligence, unjust enrichment, and violation of the Utah Consumer Sales Practices Act ("UCSPA"). *See id.* ¶¶ 83-110.

3.      Defendant removed the case to this Court. *See* CM/ECF No. 1.

4.      Last month, the parties appeared before the Court for oral argument on Defendant's Partial Motion to Dismiss Amended Complaint (CM/ECF No. 28). At the hearing, the Court, sua sponte, brought up the question regarding whether the Medical Records Act has a private right of action. The Court asked the parties to submit supplemental briefing regarding this question and whether Plaintiffs' other claims would be preempted if the Medical Records Act does have a private right of action. *See* CM/ECF No. 42.

**ARGUMENT**

I.      **THE COURT SHOULD CERTIFY THE ABOVE QUESTIONS TO THE UTAH SUPREME COURT**

"The Utah Supreme Court may answer a question of Utah law certified to it by a court of the United States when requested to do so by such certifying court acting in accordance with the provisions of this rule if the state of the law of Utah applicable to a proceeding before the

certifying court is uncertain." Utah R. App. P. 41(a). This Court may certify questions to the Utah Supreme Court by a motion from a party or sua sponte. *See id.* 41(b).

This Court has asked the parties to submit supplemental briefing about the above legal questions. It appears that Utah appellate courts have not yet ruled on whether the Medical Records Statute has a private right of action. Likewise, they have not yet ruled on whether a private right of action in the statute would preempt Plaintiffs' other claims. Plaintiffs filed their lawsuit in the Utah Third Judicial District. This Court has jurisdiction over the case because Defendant removed the case under the Class Action Fairness Act of 2005.

Therefore, it is appropriate for this Court to certify the following questions to the Utah Supreme Court, as these issues of state law are central in this matter, and a decision from the Utah Supreme Court on these questions will bring legal clarity to the claims in this case:

1. Does Utah Code § 78B-5-618 have a private right of action?

2. If a private right of action exists under Utah Code § 78B-5-618, does that preempt Plaintiffs' claim under the Utah Consumer Sales Practices Act?

3. If a private right of action exists under Utah Code § 78B-5-618, does that preempt Plaintiffs' common law claims?

The Court should certify these questions, as it does not know how the Utah Supreme Court will answer, as these are still unsettled legal issues. In fact, federal courts have come to completely different holdings than state courts ruling on the same state law questions of law. For example, in *Whitney v. Bd. of Educ.*, a teacher filed suit alleging that the defendant failed to comply with the Utah Order School Termination Act ("Termination Act"), Utah Code §§ 53A-8-101 *et seq.*, and the Educator Evaluation Act ("Evaluation Act"), Utah Code § 53A-10-101 *et*

*seq.*, when it terminated her employment. *See* 292 F.3d 1280, 1281-1284 (10th Cir. 2002). The

Tenth Circuit acknowledged that the Utah Supreme Court had not yet ruled on this issue.

Nevertheless, the Tenth Circuit held that the Termination Act and Evaluation Act have implied

rights of action, and it overturned the trial court's dismissal. *See id.* at 1287-1290.

However, in *Broadbent v. Board of Educ.*, a teacher also filed a lawsuit alleging that she

was illegally terminated and in violation of the Termination Act and Evaluation Act. *See* 910

P.2d 1274, 1275-1276 (Utah App. 1996). The Utah Court of Appeals, however, held that the

Termination Act and Evaluation Act do not have private rights of action, and it upheld the trial

court's decision. *See id.* at 1278-1280.

## CONCLUSION

WHEREFORE, based on the above, the Court should certify the above questions to the

Utah Supreme Court, as they are central to the claims in this matter, and the Utah Supreme Court

has not yet ruled on these issues.

DATED this 26th day of March 2026.

HEAD LAW, PLLC

*/s/ David S. Head*

David S. Head
Attorney for Plaintiffs and the
Proposed Class

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 26th day of March 2026, I sent a copy of the foregoing

document, via the Court's CM/ECF notification system, to:

Mr. Jordan C. Bledsoe
Mr. Charles D. Morris
Mr. Nicholas D. Sauer
Foley & Lardner LLP
95 South State Street, Suite 2500
Salt Lake City, UT 84111
jordan.bledsoe@foley.com
charlie.morris@foley.com
nick.sauer@foley.com

*/s/ Emma R. Taylor*

_____

Emma R. Taylor